**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2055
_____

UNITED STATES OF AMERICA

v.

DENNIS W. O'HARA,
also known as "Punkin",

Appellant

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-12-cr-00010-001)
District Judge: Honorable Sylvia H. Rambo
_____

Submitted under Third Circuit LAR 34.1(a)
on November 20, 2014

Before: AMBRO, SCIRICA and ROTH, <u>Circuit Judges</u>

(Opinion filed: February 11, 2015)

_____

OPINION[*]
_____

ROTH, <u>Circuit Judge</u>

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Counsel for Dennis W. O'Hara has filed a motion to withdraw from the case and has submitted a brief to support this appeal. Pursuant to *Anders v. California*,[1] counsel argues that there are no non-frivolous issues that can be raised on appeal by O'Hara. On April 15, 2014, O'Hara filed a pro se Notice of Appeal. On August 4, 2014, O'Hara sought a 180-day extension of time to file a brief, which was denied on August 13, 2014, in an order directing O'Hara to file within sixty days. O'Hara has not filed a brief to date.

O'Hara pled guilty to three counts: Distribution and Possession with Intent to Distribute Cocaine Hydrochloride, Oxycontin, and Opana; Unlawful Use of a Communication Facility to Facilitate Drug Trafficking; and Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Hydrochloride, Oxycontin, and Opana. Based on Total Offense Level 36 and Criminal History Category VI, the Presentence Investigation Report (PSR) calculated that O'Hara was subject to a Guidelines sentencing range of 324 to 405 months. O'Hara initially raised numerous objections to the PSR, but withdrew his objections in return for a recommended prison sentence of 180 months, corresponding to Total Offense Level 30 and Criminal History Category VI. At sentencing, O'Hara acknowledged that he had freely withdrawn his objections and the District Court imposed the stipulated total sentence of 180 months: 132 months on Count 1 and Count 3, to be served concurrently, and 48 months on Count 2, to be served consecutively.

---

[1] 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

In an *Anders* brief, an attorney must demonstrate to the court that he or she has thoroughly examined the record for appealable issues, and must demonstrate within the brief itself that the issues are frivolous.[2] "Counsel need not raise and reject every possible claim," but must satisfy the "conscientious examination" standard set forth in *Anders*.[3] When analyzing *Anders* briefs, we consider "(1) whether counsel adequately fulfilled the rule's requirements, and (2) whether an independent review of the record presents any nonfrivolous issues."[4] We are satisfied that counsel's brief has met the required standard, carefully reviewing the record and finding no non-frivolous issues.

Where the *Anders* brief appears adequate on its face, our independent examination of the record is to be guided by the brief itself.[5] Counsel raises three potential issues for review: whether 1) the District Court had jurisdiction to enter the judgment of conviction and impose sentence; 2) the guilty plea was counseled, procedurally valid, and voluntary; and 3) the sentence was legal and reasonable. Here, jurisdiction was proper because O'Hara committed an offense against the United States.[6] The guilty plea was also proper. It was counseled and voluntary, and the District Court provided O'Hara with the various "admonitions and warnings" required by Federal Rule of Criminal Procedure 11 and

---

[2] *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).
[3] *Id.*
[4] *Id.*
[5] *Id.* at 301.
[6] *See* 18 U.S.C. § 3231.

*Boykin v. Alabama*.[7]  Finally, the sentence was legal and reasonable.  The PSR's

calculated Guidelines range was 324 to 405 months.  In withdrawing his objections to the

PSR, O'Hara waived any objection to the calculation of the applicable Guidelines

sentencing range.  The 180-month sentence, moreover, represented a 44% downward

departure from the lower end of the PSR's calculated Guidelines range, leaving O'Hara

with no reasonable cause to object.

After reviewing counsel's *Anders* brief and the record, we conclude that this case

does not raise any non-frivolous issues.  Therefore, we will affirm the District Court's

sentence and grant counsel's motion to withdraw.

---

[7] *See United States v. Schweitzer*, 454 F.3d 197, 202-03 (3d Cir. 2006) (quoting *Boykin v. Alabama,* 395 U.S. 238, 242-44 (1969) ("The court must advise the defendant, inter alia, of the waiver of certain constitutional rights by virtue of a guilty plea, the nature of the charges to which he or she is pleading guilty, the 'maximum possible penalty' to which he or she is exposed, the court's 'obligation to apply the Sentencing Guidelines [and] . . . discretion to depart from those guidelines under some circumstances," and "the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.'  The district court must ensure that the defendant receives these caveats, understands them, and still wishes of his or her own volition to plead guilty.")