J-S91028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DENNIS WILLIAM O'HARA | |
| Appellant | No. 733 MDA 2016 |

Appeal from the PCRA Order April 14, 2016
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0005631-1999

BEFORE:  FORD ELLIOTT, P.J.E., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY RANSOM, J.:                    **FILED FEBRUARY 14, 2017**

Appellant, Dennis William O'Hara, appeals from the April 14, 2016 order, denying as untimely his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On April 12, 2000, Appellant pleaded guilty in Cumberland County to one count of burglary.  On May 1, 2000, Appellant pleaded guilty in York County to burglary, theft, and receiving stolen property.[1]  *See* Notes of Testimony (N. T.), 5/1/00, at 1-3.  On June 12, 2000, Appellant was sentenced to one and one-half to three years of incarceration.[2]  *See* N. T. 6/12/00 at 2.

_____

[1] 18 Pa.C.S. §§ 3502, 3921, and 3925, respectively.
[2] The record indicates that Appellant's York County sentence was also imposed concurrent to a sentence imposed in Cumberland County, although
*(Footnote Continued Next Page)*


[*] Former Justice specially assigned to the Superior Court.

Following Appellant's release, he was arrested and subsequently pleaded guilty to three federal counts[3] on April 3, 2014. ***See United States v. O'Hara***, 601 F. App'x 94, 95 (3d Cir. 2015) (unpublished memorandum).

On August 26, 2014, Appellant filed a petition in the York County Court of Common Pleas, seeking to vacate his state sentences. ***See*** Notice of Motion to Vacate Sentence, 8/26/14, at 1. Appellant claimed that the sentences imposed after crimes committed in York and Cumberland counties should have been "run together" and that the federal court had erred by treating the sentences as separate convictions. ***Id.*** The lower court denied this petition, treating it as an untimely post-sentence motion, and subsequently denied Appellant's motion for reconsideration on January 20, 2015.

On April 3, 2015, Appellant received an aggregate federal sentence of 180 months on the federal charges. On April 13, 2015, Appellant filed a notice of appeal to this Court.

On January 13, 2016, by judgment order, a panel of this Court vacated the trial court order and remanded for appointment of counsel, holding that the trial court should have treated the August 26, 2014 petition as a first

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

the record does not indicate the length of the Cumberland County Sentence. ***See*** N. T. 6/12/00 at 2.

[3] Distribution and possession with intent to distribute cocaine hydrochloride, Oxycontin, and Opana, 21 U.S.C. § 841; unlawful use of a communication facility to facilitate drug trafficking, 21 U.S.C. § 843(b); and conspiracy to distribute cocaine hydrochloride, Oxycontin, and Opana, 21 U.S.C. § 846.

PCRA petition. **See Commonwealth v. O'Hara**, 136 A.3d 1031 (Pa. Super. 2016) (unpublished memorandum).

PCRA counsel was appointed and filed a **Turner/Finley**[4] letter. The PCRA court granted counsel's petition and gave Appellant notice pursuant to Pa.R.Crim.P. 907 that his petition would be dismissed within twenty days. On April 14, 2016, the PCRA court formally dismissed Appellant's petition.

Appellant timely appealed *pro se*. The court did not order him to file a statement of errors pursuant to Pa.R.A.P. 1925(b), as he filed his statement of errors simultaneously with his appeal. The court issued a responsive opinion.

We initially note that Appellant's brief does not comply with the Rules of Appellate Procedure, in that it does not contain a statement of jurisdiction, order in question, statement of questions involved, statement of the case, or summary of the argument. **See** Pa.R.A.P. 2114-2119. However, we discern the gist of his argument. Essentially, Appellant argues that his cases in 2000 should have been consolidated, but because they were not, a 2007 change in federal sentencing guidelines resulted in an enhanced sentence. **See** Appellant's Brief at 4-8. Appellant argues that this amounted to governmental interference and ineffective assistance of counsel. **Id.**

---

[4] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1998); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1998).

We review an order denying a petition under the PCRA to determine whether the findings of the PCRA court are supported by the evidence of record and free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's findings deference unless there is no support for them in the certified record. *Commonwealth v. Brown*, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

To be eligible for PCRA relief, an Appellant must, at the time relief is granted, be *currently serving* a sentence of imprisonment, probation, or parole for the crime. *See* 42 Pa.C.S. § 9543(a)(1)(i) (emphasis added); *see also Commonwealth v. Ahlborn*, 699 A.2d 718, 720 (Pa. 1997); *see also Commonwealth v. Turner*, 80 A.3d 754 (2013). Although Appellant is serving a federal sentence, he is no longer serving a state sentence, and accordingly, he is not eligible for PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/14/2017

- 4 -